NATHAN K. LOW (SBN 299587)
E-Mail:  nlow@fisherphillips.com
JASON P. BROWN (SBN 266472)
E-Mail:  jbrown@fisherphillips.com
ALEXANDRA R. VOLPICELLI (SBN 355346)
E-Mail:  avolpicelli@fisherphillips.com
FISHER & PHILLIPS, LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:  (415) 490-9000
Facsimile:   (415) 490-9001

Attorneys for Defendant
SIMPRO SOFTWARE LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSÉ DIVISION

| | |
|---|---|
| PATRICIA KING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SIMPRO SOFTWARE LTD; and DOES 1-50,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>[*Removed from Santa Clara County Superior Court Action No. 24CV440673*]<br><br>State Action Filed:    June 6, 2024<br>State Action Served:  June 21, 2024<br>Removal Date:          July 18, 2024 |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant SIMPRO SOFTWARE LTD ("Defendant"), by and through its undersigned counsel, hereby submits this Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to remove this above-referenced action of Plaintiff PATRICIA KING ("Plaintiff") from the Superior Court of the State of California in and for the County

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

of Santa Clara to the United States District Court for the Northern District of California, San José Division. This removal is based on the following grounds:

**I.      PLAINTIFF'S COMPLAINT**

1.      On or about June 6, 2024, Plaintiff filed a Complaint ("Complaint") in the Superior Court of the State of California for the County of Santa Clara, thereby initiating the civil action entitled *Patricia King v. Simpro Software LTD*, Case Number 24CV440673.

2.      Plaintiff's Complaint alleges four causes of action against Defendant: (1) Breach of Implied Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Retaliation in Violation of the Fair Employment and Housing Act; and (4) Wrongful Termination in Violation of Public Policy.  A true and correct Copy of the Complaint is attached as **Exhibit A** to the Appendix, filed concurrently herewith. *See,* Declaration of Jason P. Brown ("Brown Decl."), ¶ 3.

3.      On or about June 10, 2024, Defendant's authorized agent, InCorp Services Inc., located in Colorado, was served via substituted service. Subsequently, on June 11, 204, copies of the Summons, Complaint, and Civil Case Cover Sheet were mailed to Defendant as part of that substituted service. A true and correct copy of the proof of substituted service is attached as **Exhibit B** to the Appendix, filed concurrently herewith. *See,* Brown Decl., ¶ 3.

4.      On July 17, 2024 Defendant filed its Answer to the Complaint in the State Court Action setting forth a general denial and affirmative defenses.  A true and correct copy of the Answer is attached as **Exhibit C** to the Appendix, filed concurrently herewith. *See,* Brown Decl., ¶ 3.

5.      No other pleadings have been served on Defendant in this matter. Defendant is informed and believes that the Appendix filed concurrently herewith contains the operative pleadings and all process, filings, and orders known by Defendant to exist in this action as of the time of this removal.  *See,* Brown Decl., ¶ 4.

**II.      VENUE**

6.      This action was filed in the Superior Court of California for the County of Santa Clara. Thus, venue properly lies in the United States District Court for the Northern District of California, San José Division. *See,* 28 U.S.C. §§ 84(b), 1391, and 1441(a)

///

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

## III.    BASIS FOR REMOVAL JURISDICTION

7.    As set forth below, complete diversity exists between Plaintiff, on the one hand, and Defendant, on the other. Further, no named Defendant is a citizen of the state of California.

### A.    Plaintiff's Citizenship (California)

8.    To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

9.    Here, Plaintiff is a resident of Gilroy, California and at all times relevant to the Complaint, resided in the County of Santa Clara, State of California. *See,* Complaint ¶ 2, attached hereto as **Exhibit A** to the Appendix. Accordingly, Plaintiff is domiciled in and a citizen of the State of California for purposes of determining diversity. 12 U.S.C. § 1332(a).

### B.    Defendant's Citizenship (Delaware or Colorado)

10.    A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business." 28. U.S.C. § 1332(c)(1).

11.    At the time of the filing of this action, Defendant was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Colorado at 329 Interlocken Pkwy Ste 100, Broomfield, Colorado. *See,* Declaration of Sara Paterson ("Patterson Decl."), ¶ 3.

///

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

**C.    Doe Defendants' Citizenship**

12.    The Complaint also names Defendants DOES 1-50 ("DOE Defendants"). Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of Defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

13.    Since Plaintiff is a citizen of California and Defendant is a citizen of Delaware and/or Colorado complete diversity of citizenship exists in this matter.

**D.    Amount in Controversy**

14.    The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. § 1332(a).

15.    The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

16.    In the instant case, Plaintiff's Complaint alleges causes of action for: (1) Breach of Implied Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Retaliation in Violation of the Fair Employment and Housing Act; and (4) Wrongful Termination in Violation of Public Policy.   Plaintiff's Complaint seeks an unspecified amount of actual, consequential and incidental losses, reasonable attorneys' fees and costs, and punitive damages in an amount appropriate to punish Defendant. It is facially apparent that the allegations in the Complaint demonstrate that the amount in controversy in this matter exceeds $75,000. *White v. FCI USA, Inc.* 319 F.3d 672, 274 (5th Cir. 2003) (Satisfaction of amount in controversy threshold was "facially apparent" from wrongful termination allegations showing "lengthy list of compensatory and punitive damages.")

17.    Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

18.    Further, a court must account for claims for not only compensatory damages but also punitive damages. *See, e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not what is the amount of a defendant's liability (if any) will ultimately be.

19.    In the instant case, Plaintiff's Complaint seeks recovery of back and front pay, the value of employment benefits and other types of compensation, other special damages, medical damages, general damages for emotional distress, attorneys' fees, and punitive damages. Although Defendant denies Plaintiff's claims of wrongdoing and her unspecified requests for relief thereon, the facial

///

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

allegations in the Complaint and total amount of estimated past and future lost income and benefits, special damages, and exemplary (punitive) damages at issue are well in excess of $75,000.

20.    ***Compensatory Damages.*** Plaintiff seeks "losses in earnings and other benefits." *See,* Complaint ¶¶ 49, 57, 65 and Prayer for Relief (Page 14:17-24), attached hereto as **Exhibit A** to the Appendix. While employed by Defendant, Plaintiff earned a final rate of pay of $285,313.00 or $11,888.04 semi monthly or $5,944.02 weekly. Plaintiff was terminated on or about May 23, 2024. *See,* Complaint ¶ 1 and 41, attached hereto as **Exhibit A** to the Appendix. Her termination therefore occurred approximately one and a half months prior to the date of this Petition for Removal. Assuming Plaintiff continued working (Plaintiff's lost wages, for the sake of argument, are therefore at least $35,664.12 (5,944.02 x 6 weeks). This amount does not include any possible recovery of front-pay for lost income incurred following judgment after trial.

21.    ***General Damages, Including Emotional Distress.*** Plaintiff also seeks an unspecified amount of non-economic damages for "great mental pain and suffering." *See,* Complaint ¶¶ 50, 66, and Prayer for Relief (Page 14:17-24), attached hereto as **Exhibit A** to the Appendix. Accordingly, it is very likely Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

(a)    *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs were awarded **$375,000** and **$225,000** for emotional distress damages).

(b)    *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal. Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case). *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

22.    ***Attorneys' Fees.*** Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all the FEHA causes of action and violation of the California Labor Code. *See,* Complaint, Prayer for Relief (Page 14:17-24), attached hereto as **Exhibit A** to the Appendix; Cal. Gov't Code § 12965(b); Cal. Lab. Code § 1102.5(j). "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams*, 53 F.Supp.3d at 153. In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152. It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

23.    ***Punitive Damages.*** Plaintiff also seeks punitive damages. *See,* Complaint ¶¶ 58, 68, 75, and Prayer for Relief (Page 14:17-24), attached hereto as **Exhibit A** to the Appendix. Many punitive damages verdicts against businesses exceed $75,000.00. *See, Dunn v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995). *See also, Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000).

24.    Although Defendant adamantly denies that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, satisfies the $75,000 requirement.

25.    Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the

7

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Northern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

## IV.    TIMELINESS OF REMOVAL

26.    Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt of defendant through service or otherwise …" The 30-day period for removal is triggered once service occurs. *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

27.    Plaintiff elected to serve via substituted service of the Complaint with mailing conducted on June 11, 2024.   Thus, sub-service was completed on June 21, 2024.   Removal is to occur within 30 days of service of the Complaint.  This removal was performed timely on July 18, 2024.

## V.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

28.    Written notice of this Notice of Removal to the United States District Court for the Northern District of California will be served on Plaintiff's counsel of record at Goliath Law Firm. A true and correct copy of Defendant's Notice to Adverse Party of Removal of Civil Action to Federal District Court is attached as **Exhibit D** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Brown Decl., ¶ 5.

29.    In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Santa Clara. A true and correct copy of Defendant's Notice to the Court of Removal of Civil Action to Federal District Court is attached as **Exhibit E** to the Appendix (without exhibits because the exhibit is this Notice), filed concurrently herewith. *See,* Brown Decl., ¶ 6.

30.    SIMPRO SOFTWARE LTD respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Santa Clara, be removed to this Court based on diversity jurisdiction.

///

///

8

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2

**WHEREFORE**, Defendant prays that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated:  July 18, 2024                              Respectfully submitted,

FISHER & PHILLIPS, LLP

By:    _/s/  Jason P. Brown_
NATHAN K. LOW
JASON P. BROWN
ALEXANDRA R. VOLPICELLI
Attorneys for Defendant
SIMPRO SOFTWARE LTD

DEFENDANT SIMPRO SOFTWARE LTD'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

FP 51074368.2